UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT CONTI, | CIV. NO. 24-00182 LEK-KJM |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS COMPLAINT [DOC. 1-1] FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

On July 19, 2024, Defendant Bank of America, N.A.
("Defendant") filed their Motion to Dismiss Complaint [Doc. 1-1]
for Failure to State a Claim Pursuant to Fed R. Civ. P. 12(b)(6)
("Motion"). [Dkt. no. 13.] Pro se Plaintiff Vincent Conti
("Plaintiff") did not file a response to the Motion. The Court
finds this matter suitable for disposition without a hearing
pursuant to Rule LR7.1(c) of the Local Rules of Practice for the
United States District Court for the District of Hawaii ("Local
Rules"). Defendant's Motion is hereby granted in part and denied
in part for the reasons set forth below. The Motion is granted
insofar as Plaintiff's complaint is dismissed in its entirety
and insofar as some portions of the Complaint are dismissed with
prejudice. The Motion is denied insofar as the remaining
portions of the Complaint are dismissed without prejudice.

**<u>BACKGROUND</u>**

   Plaintiff filed his Complaint in the State of Hawai`i Circuit Court of the Second Circuit ("the state court") on March 15, 2024. [Defendant's Notice of Removal of Action, ("Notice of Removal"), filed 4/22/24 (dkt. no. 1), Exh. A (Complaint).] On April 22, 2024, Defendant removed the action this district court based on federal question jurisdiction. [Notice of Removal at ¶ 11.] During the period relevant to this case, Defendant was the holder of one of Plaintiff's vehicle loans. <u>See</u> Complaint at ¶¶ 1, 5. Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FRCA"), Title 15 United States Code Section 1651, and the "Hawai`i Consumer Protection Act" by failing to grant him a payment deferral. [<u>Id.</u> at ¶ 4.]

   Plaintiff alleges that, on or about August 17, 2023, he submitted a written request seeking a four-month deferral of his loan due to the Maui wildfires. [<u>Id.</u> at ¶¶ 1-2.] Plaintiff alleges that "Maui, Hawaii, had been declared a federal disaster area," and "Hawaii Governor Josh Green had directed all lenders to defer payments to all parties in the disaster area." [<u>Id.</u> at ¶¶ 2-3.] Plaintiff alleges that, on October 3, 2023, he received a letter stating Defendant "had made numerous attempts to contact Plaintiff regarding payment on one of [his] auto loans." [<u>Id.</u> at ¶ 5.] Plaintiff alleges that, on October 4, 2023, he contacted one of Defendant's collection agents. Plaintiff

alleges Defendant's collection agent acknowledged that Plaintiff's August 17, 2023 letter requesting a deferral was received on August 22, 2023, the letter was noted in Plaintiff's file, and that there was no record of Defendant responding. Plaintiff alleges that Defendant's collection agent had no records of Defendant attempting to contact Plaintiff by telephone or email. According to Plaintiff, Defendant's collection agent acknowledged Defendant had a policy of deferring payments in disaster areas, and that Plaintiff's request was timely submitted, but the collection agent informed Plaintiff that Defendant would not defer any of Plaintiff's payments. [Id. at ¶¶ 6-9.] Further, Plaintiff alleges that Defendant's "collection agents made numerous false statements about the deferral extension in an attempt to collect a debt" and that Defendant "made negative reports to the Credit Reporting Agencies." [Id. at ¶ 11.] In the instant case, Plaintiff is seeking $25,000 in damages and an order requiring Defendant "to retract and remove any negative [reports] submitted to Credit Reporting Agencies." [Id. at PageID.9.]

In the instant Motion, Defendant asks this Court to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Motion at 2.] Defendant argues that Plaintiff fails to state a plausible claim for relief and that the Complaint should be dismissed with prejudice. [Motion, Mem.

3

in Supp. at 1-2.] Defendant argues: 1) Plaintiff fails to allege facts that, if proven, would establish that Defendant violated obligations under the FCRA; 2) Plaintiff fails to allege he complied with the steps necessary to bring a claim under the FCRA; 3) Plaintiff fails to allege an inaccuracy in credit reporting; 4) Plaintiff's claim under the Hawai`i consumer protection statutes is expressly preempted; and 5) Plaintiff's has failed to state an unfair or deceptive acts or practices ("UDAP") claim. [Id. at 5-10.]

## DISCUSSION

## I.  Construction of Plaintiff's Claims

Plaintiff brings this action pursuant to the FRCA, Title 15 United States Code Section 1651, and the "Hawaii Consumer Protection Code," which Plaintiff also refers to as the "Hawaii Consumer Protection Act." [Complaint at ¶¶ 4, 10, 11.] The asserted authority for Plaintiff's FRCA claim, Section 1651, is titled "Procedure for timely settlement of estates of decedent obligors." Because Plaintiff's cited statute is unrelated to the factual allegations and the asserted claim in Plaintiff's Complaint, this Court instead liberally construes Plaintiff's Complaint as bringing claims pursuant to Title 15 United States Code Section 1681s-2, titled "Responsibilities of

furnishers of information to consumer reporting agencies."[1] <u>See, e.g.,</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citation and internal quotation marks omitted)). However, the purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." <u>Safeco Ins. Co. of Am. v. Barr</u>, 551 U.S. 47, 52 (2007) (some citations omitted) (citing 15 U.S.C. § 1681). Even construing Plaintiff's claims liberally, the FCRA is not intended to regulate conduct such as candor by a lender or regulating debt collection practices. These claims will be liberally construed under their respective legal authorities set forth below.

As to Plaintiff's claims under the "Hawaii Consumer Protection Code"/"Hawaii Consumer Protection Act," because the cited statutes do not exist, this Court liberally construes the Complaint as bringing a claim pursuant to Hawai`i Revised

---

[1] Furnishers under the FCRA are "the sources that provide credit information to [credit reporting agencies]." <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1153 (9th Cir. 2009). "'The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies.'" <u>Id.</u> at 1153 n.7 (quoting H.R. Rep. No. 108-263, at 24 (2003)).

Statutes Section 480-2, titled "Unfair competition, practices, declared unlawful."

## II.  **Violation of the FCRA**

Plaintiff alleges Defendant violated the FCRA when it: "failed to respond to the written request for deferred payments"; "failed to follow its own policy of providing deferred payments to its clients"; and sent a letter "contain[ing] multiple false statements as confirmed by [Defendant's] agent . . . ." [Complaint at ¶ 10.] Plaintiff further alleges Defendant "made negative reports to the Credit Reporting Agencies," and Defendant's collection agents "made numerous false statements . . . in an attempt to collect a debt." [Id. at ¶ 11.] Plaintiff alleges that, on August 17, 2023, he "contacted Defendant . . . in writing requesting a deferral of monthly payments," [id. at ¶ 1,] and, on October 4, 2023, Plaintiff made another request to defer payments during a telephone call with Defendant's collection agent, [id. at ¶¶ 6, 8-9].

The only conduct described in the Complaint that is regulated by the FCRA is the negative reports Defendant allegedly submitted to credit reporting agencies. See id. at ¶ 11. Although Plaintiff does not expressly challenge the accuracy of the credit reports furnished by Defendant, this

Court liberally construes Plaintiff's claims as challenging the accuracy of the furnished credit reports.

### A.    __Section 1681s-2(a)__

Defendant states Plaintiff may be attempting to assert a claim under Section 1681s-2(a). See Motion, Mem. in Supp. at 5. Section 1681s-2(a) requires furnishers of credit information to provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(a). There is, however, no private right to action to enforce Section 1681s-2(a). See 15 U.S.C. § 1681s-2(c)(1), (d); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Therefore, the only parties that can bring an action to enforce Section 1681s-2(a) are state and federal entities. See 15 U.S.C. § 1681s-2(d); see also, e.g., Saulsbury v. Bank of Am., CIVIL NO. 11-00138 JMS/KSC, 2011 WL 13228201, at *6 (D. Hawai`i Sept. 9, 2011).

To the extent that Plaintiff is attempting to bring a Section 1681s-2(a) claim because he alleges the credit reports submitted by Defendant were inaccurate, this claim must be dismissed because there is no private right to action to enforce Section 1681s-2(a). See Cisneros v. Trans Union LLC, 293 F. Supp. 2d 1167, 1174, 1178 (D. Hawai`i 2003) (dismissing with prejudice Section 1682s-2(a) claims against furnishers of information). The dismissal is with prejudice because it is not possible for Plaintiff to cure the defects in this claim by

7

amendment. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

**B.    Section 1681s-2(b)**

In contrast, Section 1681s-2(b) imposes a duty to investigate the accuracy of reported information upon a furnisher's receipt of a notice of a dispute from a credit reporting agency ("CRA"), and there is a private right of action to enforce Section 1681s-2(b). See 15 U.S.C. § 1681s-2(b)(1); <u>see also</u> <u>Gorman</u>, 584 F.3d at 1154 ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. [15 U.S.C.] §§ 1681n & o. However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." (some citations omitted)).

In the instant case, Plaintiff's Complaint fails to plead the factual allegations necessary to state a plausible Section 1681s-2(b) claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

8

facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." (citations and
internal quotation marks omitted)). The Complaint only alleges
that Plaintiff contacted Defendant in writing on August 22,
2023, and by telephone on October 4, 2023, and only for the
purpose of deferring his payments. See Complaint at ¶¶ 6-9.
However, the Complaint does not include any allegations
regarding: whether Plaintiff disputed the accuracy of the
information that Defendant reported to the CRAs; whether a CRA
notified Defendant of the dispute; and whether Defendant then
failed to take appropriate actions. Plaintiff's Section 1681s-
2(b) claim must therefore be dismissed. Because it is arguably
possible for Plaintiff to cure the defects in this claim by
amendment, the dismissal is without prejudice.

    If Plaintiff takes the opportunity to amend his
Section 1681s-2(b) claim, this Court notes that, to plead a
plausible Section 1681s-2(b) claim, plaintiffs must allege:
"(1) they notified any credit reporting agency of any
inaccuracies in their credit report, (2) the credit reporting
agency notified any Defendant, [and] (3) that such Defendant,
upon notification, failed to investigate." Saulsbury, 2011 WL
13228201, at *6.

### C.    **False Statement Claim**

Plaintiff alleges he "received a letter stating [Defendant] had made numerous attempts to contact Plaintiff regarding payment of one of [his] auto loans," and Defendant's collection agent later told him "there was no record of any calls or emails." [Complaint at ¶¶ 5, 8.] Plaintiff argues that Defendant's "multiple false statements" violated the FCRA. [Id. at ¶ 10.]

The FCRA does not impose a duty upon a furnisher to communicate truthfully with consumers. See generally 15 U.S.C. § 1681 et seq. To the extent that Plaintiff attempts to assert a FCRA claim based upon allegedly false statements by Defendant, the claim fails as a matter of law and must be dismissed. Because it is not possible for Plaintiff to cure the defect in this claim by amendment, the dismissal is with prejudice.

### D.    **Failure to Defer Payments**

Plaintiff also alleges Defendant violated the FCRA "by failing to respond orally or in writing to the August 17, 2023, letter requesting an extension and deferral of payments." [Complaint at ¶ 4.] Plaintiff further alleges Defendant violated the FCRA by denying his oral request for a deferral, contrary to Defendant's "own policy of providing deferred payments to its clients." See id. at ¶ 10.

Defendant argues "neither the FCRA nor other state or Federal law dictates how a lender must respond to payment deferral requests, so Plaintiff cannot possibly allege that [Defendant] violated the FCRA or other law by denying or failing to respond to his payment deferral request." [Motion, Mem. in Supp. at 11 (citing 15 U.S.C. § 1681 *et seq.*).] This Court agrees that the FCRA does not address whether – and if so, how – a lender must respond to a request for deferral of payments. Plaintiff's attempt to assert an FCRA claim based on Defendant's failure to respond to his written request for a deferral and based on Defendant's denial of the subsequent verbal request fails as a matter of law, and the claim must be dismissed. Because it is not possible for Plaintiff to cure the defect in this claim by amendment, the dismissal must be with prejudice.

III. **Violation of the "Hawaii Consumer Protection Act"**

   A.   **Preemption**

As to Plaintiff's claim under the "Hawaii Consumer Protection Act," which is liberally construed as a UDAP claim, Defendant first argues the claim should be dismissed with prejudice because Plaintiff's claim is expressly preempted by the FRCA. [Motion, Mem. in Supp. at 8-9 (some citations omitted) (citing 15 U.S.C. § 1681t(b)(1)(F)).] Federal statutes expressly preempt state law "when the text of a federal statute explicitly manifests Congress's intent to displace state law." Assurance

11

_Wireless USA, L.P. v. Reynolds_, 100 F.4th 1024, 1031-32 (9th Cir. 2024) (citation and internal quotation marks omitted). When considering whether a federal statute expressly preempts state law, the court must "look only to the text without any presumptive thumb on the scale for or against preemption." _Id._ at 1032 (citation and internal quotation marks omitted). Title 15 United States Code Section 1681t(b)(1)(F) states: "No requirement or prohibition may be imposed under the laws of any State - (1) with respect to any subject matter regulated under - . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." The Ninth Circuit has interpreted Section 1681t(b)(1)(F) narrowly to only preempt state law claims against a defendant if "the claims against the defendant . . . concern that defendant's legal responsibilities as a furnisher of information under the FCRA." _Aargon Agency, Inc. v. O'Laughlin_, 70 F.4th 1224, 1235 (9th Cir. 2023) (citations and internal quotation marks omitted).

Plaintiff alleges Defendant made false statements as a furnisher of information to a credit reporting agency. [Complaint at ¶ 11.] Any state law claim based upon this allegation is preempted by the FCRA. _See_ 15 U.S.C. § 1681t(b)(1)(F). "Congress added § 1681t(b) to the FCRA so as to avoid a patchwork system of conflicting regulations." _Aargon_

12

<u>Agency</u>, 70 F.4th at 1235 (citation and internal quotation marks
omitted).

Section 1681t(b)(1)(F) expressly preempts Plaintiff's
Hawai`i Revised Statutes Section 480-2 UDAP claim based upon
Defendant's actions as a furnisher of credit information, and
Plaintiff cannot cure the defects in this claim by amendment.
<u>See</u> <u>Evans v. Gilead Sci., Inc.</u>, Case No. 20-cv-00123-DKW-KJM,
2020 WL 5189995, at *10 (D. Hawai`i Aug. 31, 2020) (dismissing
with prejudice claims that were expressly preempted "[b]ecause
any amendment to the complaint will not change the law" (citing
<u>Parents for Privacy v. Barr</u>, 949 F.3d 1210, 1239 (9th Cir.
2020))). Therefore, this claim is dismissed with prejudice.

B.    <u>**Claims Based on False Statements**</u>

Plaintiff's UDAP claim is also based upon his
allegations that he "received a letter stating that [Defendant]
had made numerous attempts to contact Plaintiff regarding
payment of one of [his] auto loans," and that Defendant's
collection agent later told him "there was no record of any
calls or emails." <u>See</u> Complaint at ¶¶ 5, 8; <u>see also</u> <u>id.</u> at ¶ 10
(alleging Defendant's "multiple false statements" violate the
"Hawaii Consumer Protection Act").

Plaintiff does not plead sufficient factual
allegations for his UDAP claim based upon Defendant's alleged
false statements to survive a motion to dismiss. However,

13

because it is arguably possible for Plaintiff to cure the
defects in this claim by amendment, this portion of Plaintiff's
UDAP claim is dismissed without prejudice.

In order to provide guidance to Plaintiff if he
chooses to amend this portion of his UDAP claim, this Court
notes the following standards applicable to Plaintiff's claim.
"In order to state a UDAP claim, a consumer must allege: (1) a
violation of HRS § 480-2; (2) injury to plaintiff's business or
property resulting from such violation; and (3) proof of the
amount of damages." Ryan v. Salisbury, 382 F. Supp. 3d 1062,
1078 (D. Hawai`i 2019) (footnote omitted) (citing Lizza v.
Deutsche Bank Nat. Trust Co., 1 F. Supp. 3d 1106, 1121 (D. Haw.
2014) (citing Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.,
113 Haw. 77, 113-14, 148 P.3d 1179, 1215-16 (2006); In re
Kekauoha-Alisa, 674 F.3d 1083, 1092 (9th Cir. 2012); HRS § 480-
13(b)(1))).

Further, UDAP claims based upon allegedly fraudulent
conduct are subject to the heightened Federal Rule of Civil
Procedure 9(b) pleading standard. Smallwood v. NCsoft Corp., 730
F. Supp. 2d 1213, 1232-33 (D. Hawai`i 2010) (discussing Kearns
v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009)). "In
alleging fraud or mistake, a party must state with particularity
the circumstances constituting fraud or mistake. Malice, intent,
knowledge, and other conditions of a person's mind may be

14

alleged generally." Fed. R. Civ. P. 9(b). "To properly plead
fraud with particularity under Rule 9(b), a pleading must
identify the who, what, when, where, and how of the misconduct
charged." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964
(9th Cir. 2018) (citation and internal quotation marks omitted).
Rule 9(b) requires "an account of the time, place, and specific
content of the false representations as well as the identities
of the parties to the misrepresentations." Swartz v. KPMG LLP,
476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (citation and
internal quotations marks omitted).

     C.    **Failure to Defer Payments**

        The Complaint is also liberally construed as alleging
Defendant violated Hawai`i Revised Statutes Section 480-2 by:
failing to respond to Plaintiff's August 17, 2023 letter
requesting a deferral of payments; and failing to follow
Defendant's own policy by and granting Plaintiff's subsequent
verbal request for a deferral. See Complaint at ¶ 10.
Section 480-2 does not, however, impose a legal duty on a
defendant to follow its own policies, nor does Section 480-2
dictate how a lender must respond to a borrower's request to
defer loan payments. See Haw. Rev. Stat. § 480-2.

        Plaintiff states "Hawaii Governor Josh Green had
directed all lenders to defer payments to all parties in the
disaster area." [Complaint at ¶ 3.] This Court is unable to

15

identify the alleged directive described in the Complaint. This
Court notes that there was a variety of relief available to
persons affected by the Maui Wildfires, but nothing that applied
to all loans. See, e.g., Department of Commerce and Consumer
Affairs, Federal Relief Information,
https://cca.hawaii.gov/dfi/federal-relief-information/ (last
visited Mar. 28, 2025), *available at* https://perma.cc/N64D-NBB2.
To the extent that Plaintiff is referring to the August 14, 2023
announcement by the Hawai`i Department of Commerce and Consumer
Affairs, the relief was only offered for mortgage loans, not
auto loans. See Department of Commerce and Consumer Affairs,
Release: Relief Available for Homeowners Impacted by Maui
Wildfires (Aug. 14, 2023), https://cca.hawaii.gov/blog/release-
relief-available-for-homeowners-impacted-by-maui-wildfires/
(last visited Mar. 28, 2025), *available at*
https://perma.cc/X3PC-N8HF. Thus, there is no legal authority
supporting Plaintiff's position that Defendant was required to
grant his request for a deferral.

        To the extent that Plaintiff attempts to assert a UDAP
claim based on Defendant's failure to respond to his written
deferral request and on Defendant's denial of Plaintiff's
subsequent verbal deferral request, the claim fails as a matter
of law and must be dismissed. Because it is not possible for

16

Plaintiff to cure the defect in this claim by amendment, the dismissal is with prejudice.

## IV.  **Other Potential Claims**

Although Plaintiff's Complaint only relies upon the FCRA and Hawai`i Revised Statutes Section 480-2, based on the allegations in the complaint, other statutes may apply. They are discussed below to provide guidance to Plaintiff if he chooses to file an amended complaint.

### A.  **Fair Debt Collection Practices Act**

Plaintiff alleges Defendant's "collection agents made numerous false statements about the deferral extension in an attempt to collect a debt . . . ." [Complaint at ¶ 11.] Plaintiff may have been attempting to assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), Title 15 United States Code Section 1692 *et seq.*, against Defendant's collection agents.

In order to provide guidance to Plaintiff if he chooses to assert an FDCPA claim in his amended complaint, this Court notes the following standards applicable to a FDCPA claim:

> There are four elements of a FDCPA cause of action: (1) the plaintiff is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o. See Minichino v. Piilani

17

> Homeowners Ass'n, Civ. No. 16-00461 DKW-RLP, 2016
> WL 5796799, at *4 (D. Haw. Sept. 30, 2016)

Warta v. Porter, McGuire, & Kiakona, LLP, 622 F. Supp. 3d 971,
983 (D. Hawai`i 2022) (citation omitted). This Court notes that
"[u]nder the FDCPA, creditors are generally excluded from its
definition of debt collector." Hochroth v. Ally Bank, 461 F.
Supp. 3d 986, 1003-04 (D. Hawai`i 2020) (footnote omitted)
(citing 15 U.S.C. § 1692a(6)(F)(ii)-(iii)). Further, "under
§ 1692a(6), 'you have to attempt to collect debts owed **another**
before you can ever qualify as a debt collector.'" Id. at 1002
(quoting Henson v. Santander Consumer USA Inc., --- U.S. ---,
137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017)).

B.    **State Debt Collection Protections**

Plaintiff also asserts Defendant violated Hawai`i law
regarding debt collection practices. See Complaint at ¶ 11.
Plaintiff may have been attempting to assert a claim under
Hawai`i Revised Statutes Section 443B-18, titled "Fraudulent,
deceptive, or misleading representations," against Defendant's
collection agents.

In order to provide guidance to Plaintiff if he
chooses to assert a claim under Section 443B-18, Plaintiff must
identify conduct taken by Defendant's collection agents that
violates any of the nine types of conduct considered
"fraudulent, deceptive, or misleading representations." Further,

18

this Court notes that Hawai`i Revised Statutes Section 443B-20 provides that a violation of the chapter constitutes a UDAP for purposes of Section 480-2. Therefore, Plaintiff may also be able to allege a UDAP claim against Defendant's collection agents or agency pursuant to the guidance above.

## V. Summary and Opportunity to Amend

The Motion is granted insofar as Plaintiff's Complaint is dismissed in its entirety.[2] The Motion is also granted insofar as:

-Plaintiff's Section 1681s-2(a) claim is dismissed with prejudice;

-Plaintiff's FCRA claim based upon allegedly false statements that Defendant made to Plaintiff is dismissed with prejudice;

-Plaintiff's FCRA claim and UDAP claim based upon Defendant's failure to respond to Plaintiff's deferral request are dismissed with prejudice;

-Plaintiff's FCRA claim and UDAP claim based upon Defendant's failure to grant Plaintiff's deferral request is dismissed with prejudice; and

-Plaintiff's UDAP claim based upon allegedly false information that Defendant provided to credit reporting agencies is dismissed with prejudice.

The Motion is denied insofar as:

-the dismissal of Plaintiff's Section 1681s-2(b) claim is without prejudice; and

---

[2] To the extent that there is any argument in Defendant's Motion that is not addressed in the instant Order, this Court concludes that it is not necessary to address that argument in light of the rulings in the instant Order.

-the dismissal of Plaintiff's UDAP claim based upon
    allegedly false statements that Defendant made to
    Plaintiff is without prejudice.

Plaintiff will be given the opportunity to amend the claims that
have been dismissed without prejudice. In addition, if Plaintiff
chooses to take the opportunity to file an amended complaint, he
may include the FDCPA claim and the Hawai`i Revised Statutes
Chapter 443B claim described in this Order. Plaintiff is
cautioned that the amended complaint may only include the claims
that were dismissed without prejudice, the FDCPA claim, and the
Chapter 443B claim. In other words, Plaintiff does not have
leave to add any other new claims or other new theories of
liability.

        If Plaintiff chooses to take the opportunity to file
an amended complaint, he is ordered to file the amended
complaint by **April 18, 2025**. Plaintiff is cautioned that the
failure to comply with the filing deadline for the amended
complaint will result in the dismissal of his claims with
prejudice.

        After filing his amended complaint pursuant to the
instant Order, if Plaintiff wishes to make any other amendments,
he must file a motion for leave to file a **second** amended
complaint ("Motion for Leave"). The Motion for Leave will be
considered by the magistrate judge in the normal course.

20

Plaintiff is cautioned that his amended complaint must include all of the allegations that he intends to rely upon. He cannot include any portion of the original Complaint by referring to the original Complaint in the amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Complaint [Doc. 1-1] for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), filed July 17, 2024, is HEREBY GRANTED IN PART AND DENIED IN PART, as specifically set forth above.

If Plaintiff chooses to take the opportunity to amend his complaint, Plaintiff is ORDERED to file his first amended complaint by **April 18, 2025**. Plaintiff is CAUTIONED that, if he fails to comply with the **April 18, 2025** deadline, the claims in the Complaint that were dismissed without prejudice will be dismissed with prejudice, and this case will be closed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2025.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

__VINCENT CONTI VS. BANK OF AMERICA__; CV 24-00182 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS . . .

21